1  Rebecca S. Engrav, admitted *pro hac vice*
2  REngrav@perkinscoie.com
   PERKINS COIE LLP
3  1201 Third Avenue, Suite 4900
4  Seattle, WA 98101-3099
   Telephone: 206.359.6168
5  Facsimile: 206.359.7168

6
   Alisha C. Burgin, Bar. No. 286269
7  ABurgin@perkinscoie.com
8  PERKINS COIE LLP
   1888 Century Park East, Suite 1700
9  Los Angeles, CA 90067-1721
10 Telephone: 310.788.9900
   Facsimile: 310.788.3399
11

12 Attorneys for Defendant
   DWANGO CO., LTD.
13

14
             UNITED STATES DISTRICT COURT
15
            CENTRAL DISTRICT OF CALIFORNIA
16

17
18 AKIKO KIJIMOTO,                    Case No.:2:17-cv-6448-BRO-(MRWx)

19            Plaintiff,              **DEFENDANT DWANGO CO.,**
                                      **LTD.'S MEMORANDUM OF**
20    v.                             **POINTS AND AUTHORITIES IN**
                                      **SUPPORT OF MOTION TO**
21 DWANGO CO., LTD.,                  **DISMISS, OR IN THE**
                                      **ALTERNATIVE, FOR MORE**
22            Defendant.             **DEFINITE STATEMENT**
                                      **PURSUANT TO FED. R. CIV. P.**
23                                    **12(b) AND 12(e)**

24
25                                   Date: October 16, 2017
26                                   Time: 1:30 p.m.
27                                   Place: Courtroom 7C
                                     Judge: Hon. Beverly Reid O'Connell
28

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................. 1

II. FACTUAL BACKGROUND ................................................................ 1

III. ARGUMENT ..................................................................................... 3

    A. The Complaint Was Not Validly Served ................................... 3

    B. The Court Lacks Personal Jurisdiction Over Dwango ............... 5

    C. The Case Should Be Dismissed Under the Doctrine of Forum Non Conveniens ...................................................................... 7

    D. The Complaint Fails to State a Claim and/or Requires a More Definite Statement ................................................................. 11

        1. Plaintiff's Claim for Copyright Infringement Fails For Several Reasons ................................................................. 12

        2. Dwango Is Immune Under the Federal Communications Decency Act to All Conceivable Non-Copyright Claims Plaintiff Might Assert ......................................................... 14

            a. Dwango Is an Interactive Computer Service ................. 16

            b. The Complaint Seeks to Treat Dwango as a Publisher .................................................................... 16

            c. A Third Party Created the Content at Issue ................... 17

        3. If Her Non-Copyright Claims Are Not Barred by the CDA, Plaintiff Should Be Required to Replead Her Allegations Before Dwango Is Required to Respond ............. 18

    E. The Case Should Be Dismissed for Failure to Join an Indispensable Party ............................................................... 21

    F. Plaintiff Lacks Standing to Sue for Harms to Others ......................... 22

IV. CONCLUSION ................................................................................ 24

# TABLE OF AUTHORITIES

**Page**

CASES

*Allee v. Medrano*,
  416 U.S. 802 (1974) ..................................................................................... 23

*Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*,
  77 F.3d 364 (11th Cir. 1996) ...................................................................... 21

*Artec Grp., Inc. v. Klimov*,
  186 F. Supp. 3d 1002, 1006 (N.D. Cal. 2016) .......................................... 3

*Barnes v. Yahoo!, Inc.*,
  570 F.3d 1096 (9th Cir. 2009) ............................................................ 16, 17

*Brayton Purcell LLP v. Recordon & Recordon*,
  606 F.3d 1124 (9th Cir. 2010) .................................................................... 6

*Brockmeyer v. May*,
  383 F.3d 798 (9th Cir. 2004) .................................................................. 3, 4

*Carijano v. Occidental Petroleum Corp.*,
  643 F.3d 1216 (9th Cir. 2011) ........................................................... 8, 9, 10

*Confederated Tribes of Chehalis Indian Reservation v. Lujan*,
  928 F.2d 1496 (9th Cir. 1991) .................................................................. 22

*Crunchyroll, Inc. v. Pledge*,
  No. C 11-2334 SBA, 2014 WL 1347492 (N.D. Cal. Mar. 31, 2014) ........ 13

*Daimler AG v. Bauman*,
  134 S. Ct. 746 (2014) .............................................................................. 5, 6

*Davis v. City of Memphis Fire Dep't*,
  11-3076-STA-cgc, 2012 WL 2000713 (W.D. Tenn. May 31, 2012) .......... 19, 20

*Dole Food Co. v. Watts*,
  303 F.3d 1104 (9th Cir. 2002) .................................................................... 5

*Dolores Press, Inc. v. Robinson*,
  No. CV 15-02562-R, 2015 WL 3882812 (C.D. Cal. June 23, 2015) ........ 13

-ii-

1
2

# TABLE OF AUTHORITIES
## (continued)

Page

3
4

*E.E.O.C. v. Peabody W. Coal Co.*,
    610 F.3d 1070 (9th Cir. 2010)................................................................21

5
6

*Ellison v. Robertson*,
    357 F.3d 1072 (9th Cir. 2004)..............................................................12

7
8

*Elohim EPF USA, Inc. v. Total Music Connection, Inc.*,
    No. CV 14-02496-BRO (Ex), 2015 WL 12655484 (C.D. Cal. Nov. 19, 2015)................................................................................................13

9
10

*Energy Intelligence Grp., Inc. v. Jefferies, LLC*,
    101 F. Supp. 3d 332, 338 (S.D.N.Y. 2015)........................................12

11
12

*Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*,
    521 F.3d 1157 (9th Cir. 2008)................................................15, 16, 17

13
14
15

*Felix the Cat Prods., Inc. v. Cal. Clock Co.*,
    No. 04 CIV 5714 DAB, 2007 WL 1032267 (S.D.N.Y. Mar. 30, 2007)....................................................................................................14

16

*Fleck & Assocs., Inc. v. Phoenix, City of, an Arizona Mun. Corp.*,
    471 F.3d 1100 (9th Cir. 2006)..............................................................23

17
18

*Green v. Am. Online (AOL)*,
    318 F.3d 465 (3d Cir. 2003)..................................................................17

19
20

*Gulf Oil Corp. v. Gilbert*,
    330 U.S. 501 (1947)...........................................................7, 8, 11

21
22
23

*Gustafson v. BAC Home Loans Servicing, LP*,
    SACV 11-915-JST ANx, 2012 WL 7071471 (C.D. Cal. Dec. 21, 2012) (dismissing claims for failure to allege harms directly impacting plaintiff)................................................................................24

24
25
26

*Herbert v. Syracuse, N.Y. Welfare Office*,
    5:06-CV-848 (FJS/GHL), 2006 WL 2794400 (N.D. N.Y. Sept. 25, 2006)..............................................................................................18, 19

27
28

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,
    485 F.3d 450 (9th Cir. 2007)..................................................................6

-iii-

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Joint Stock Co. Channel One Russ. Worldwide v. Infomir LLC*,
No. 16-CV-1318(GBD)(BCM), 2017 WL 696126 (S.D.N.Y. Feb. 15, 2017) ................................................................................ 12, 13

*Jones v. Dirty World Entm't Recordings LLC*,
755 F.3d 398 (6th Cir. 2014) ........................................................ 15

*Kaneko Shoji, Ltd. v. Katsura Enter., Inc.*,
91 F.3d 152 (9th Cir. 1996) (unpublished) ................................. 22

*Kimzey v. Yelp! Inc.*,
836 F.3d 1263 (9th Cir. 2016) ............................................... 15, 17

*Lancaster v. Alphabet Inc.*,
No. 15-CV-05299-HSG, 2016 WL 3648608 (N.D. Cal. July 8, 2016) ......................................................................................... 16, 18

*Lockman Found. v. Evangelical All. Mission*,
930 F.2d 764 (9th Cir. 1991) .......................................................... 9

*Lueck v. Sundstrand Corp.*,
236 F.3d 1137 (9th Cir. 2001) ...................................................... 10

*Manchanda v. Google*,
No. 16-CV-3350 (JPO), 2016 WL 6806250 (S.D.N.Y. Nov. 16, 2016) ............................................................................................. 18

*Mavrix Photo, Inc. v. Brant Techs., Inc.*,
647 F.3d 1218 (9th Cir. 2011) ........................................................ 6

*Maya v. Centex Corp.*,
658 F.3d 1060 (9th Cir. 2011) ...................................................... 23

*Mee v. Alberico*,
1:08-CV-24, 2008 WL 2483370 (D. Vt. June 17, 2008) ............. 20

*Miss. Publ'g Corp. v. Murphree*,
326 U.S. 438 (1946) ....................................................................... 3

-iv-

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Mission Trading Co. v. Lewis*,
No. 16-cv-01110-JST, 2016 WL 6679556 (N.D. Cal. Nov. 14, 2016) .................................................................................................. 7

*Phillips Petroleum Co. v. Shutts*,
472 U.S. 797 (1985) .................................................................................. 23

*Piper Aircraft Co. v. Reyno*,
454 U.S. 235 (1981) ............................................................................ 7, 8, 9

*S.J. v. Issaquah Sch. Dist. No. 411*,
470 F.3d 1288 (9th Cir. 2006) ................................................................... 3

*Sagan v. Apple Comput., Inc.*,
874 F. Supp. 1072 (C.D. Cal. 1994) ....................................................... 19

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) ..................................................................... 6

*Shields v. Barrow*,
58 U.S. 130 (1854) ................................................................................... 21

*Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.*,
24 F.3d 1088 (9th Cir. 1994) (en banc) ............................................ 12, 14

*TVB Holdings USA Inc. v. Enom Inc.*,
No. SACV-13624-JLS(DFMX), 2014 WL 12581778 (C.D. Cal. Jan. 6, 2014) .......................................................................................... 13, 14

*Universal Music-MGB NA LLC v. Quantum Music Works, Inc.*,
No. CV 16-3397 FMO, 2017 WL 2350936 (C.D. Cal. May 30, 2017) .................................................................................................... 6, 7

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
486 U.S. 694,F 705 (1988) ......................................................................... 4

*Walden v. Fiore*,
134 S. Ct. 1115 (2014) ............................................................................... 6

*Wasson v. Riverside Cty.*,
237 F.R.D. 423 (C.D. Cal. 2006) ............................................................... 3

-v-

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Water Splash, Inc. v. Menon*,
   137 S. Ct. 1504 (2017) ............................................................... 4

*Zeran v. Am. Online, Inc.*,
   129 F.3d 327 (4th Cir. 1997) ..................................................... 15

**STATUTES**

47 U.S.C.A. § 230(f)(2) ................................................................ 16

17 U.S.C. § 411(a) ................................................................ 12, 14

17 U.S.C. § 412 .................................................................. 13, 14

47 U.S.C. § 230(b)(1) ................................................................. 15

47 U.S.C. § 230(b)(2) ................................................................. 15

47 U.S.C. § 230(c)(1) ......................................................... 15, 16, 17

47 U.S.C. § 230(e)(3) ................................................................. 15

Hague Service Convention, Art. 10(a) ........................................... 4

**MEM. ISO MOTION TO DISMISS OR
FOR MORE DEFINITE STATEMENT**

# I.  INTRODUCTION

Defendant Dwango Co., Ltd. moves to dismiss or, in the alternative, for a more definite statement. There are numerous procedural and substantive grounds on which this case should be dismissed, as detailed below.[1]

# II.  FACTUAL BACKGROUND

Dwango is a Japanese telecommunications and media company. Declaration of Hironari Date ¶ 5 ("Decl."). It operates a popular Japanese video-sharing site, Niconico, formerly known as Nico Nico Douga, located at http://www.nicovideo.jp/. *Id.* The site enables users to upload videos and comment on each other's videos. *Id.*

Plaintiff Akiko Kijimoto, an individual, sues Dwango in this action. Her complaint (ECF No. 1-2) expresses concerns about videos posted by a third-party user on the Niconico site. More specifically, in the first line of the complaint, Plaintiff references the site "niconico." ECF No. 1-2 at page ID #8:16. She then compares to another video-sharing site, YouTube, and states that her case concerns the "same contents" (on Niconico) as a specific YouTube channel. *Id.* at page ID #8:17. She notes various identifiers of a third party user, including an email address and "mylist" references ("mylist" refers to the playlist feature on the Niconico site), and then states "Niconico douga : high_note." *Id.* at page ID #8:18. Various other points in the complaint reference "he" and "him." Thus, she appears to allege that "high_note" is a third-party user of the Niconico site who uploaded videos to the site.

Beyond those core facts, the complaint is highly confusing and difficult to decipher. Plaintiff does not identify the specific videos at issue by URL or other

---

[1] Dwango sought additional time to respond to the complaint, but as of this date the Court has not ruled on Dwango's request. To preserve its rights, Dwango files this motion today. Dwango maintains that position that it was prejudiced in its ability to investigate and present factual materials supporting certain arguments in this motion because it did not receive the requested additional time.

-1-

method for locating or identifying them. As best as Dwango can determine, Plaintiff's concern with the videos uploaded by "high_note" is that they allegedly contain audio recording of Plaintiff's voice and the voice of Plaintiff's then-boyfriend. Dwango gleans this from the following text in the complaint, although it is an uncertain endeavor to parse the language:

- "It seems that DWANGO Co., Ltd. is participating in trafficking in person and act of killing people because *the human voice is included in the copyrighted work.*" *Id.* at page ID #9:1-3 (emphasis added).

- "I think that he was probably too much to talk to other people. *I think that it can not say that this is my voice*, and I should have felt horrified who would do this kind of activity". *Id.* at page ID #9:8-10 (emphasis added).

- In a list numbered one through six of alleged data points or facts of relevance, the complaint states as number one: "*Two voices* (Voice at the age of 17)(Takahiro Suzuki / *Akiko Kijimoto* he was my exboyfriend when i was hight school Student." *Id.* at page ID #9:22-23 (emphases added). Plaintiff is Akiko Kijimoto.

- Plaintiff ends her complaint with: "my voice → rythmique.co." *Id.* at page ID #11:15.

It is possible that Plaintiff also alleges that other pieces of information about her, such as "Official artist name," "Picture (Probably)," her contact information, and her birth date, are published or somehow made available through or with the videos at issue. *Id.* at page ID #9:22-28.

Plaintiff alleges that in addition to uploading the videos to the Niconico site, "he" (likely intended to refer to the third-party user "high_note," but possibly intended to refer to someone else who provided the tracks to "high_note") also at one point sold CDs containing the same tracks. She alleges: "He previously sold CDs without permission," *id.* at page ID #8:26-27, and "He sold his CD without

**MEM. ISO MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT**

permission to the impersonator. I'd like you to take responsibility for CD's Sold as well," *id.* at page ID #10: 21-22.

Plaintiff alleges that she and others have suffered various forms of harm as a result of the videos being posted on Niconico. She alleges that she has experienced mental stress, identity theft, stalking, credit card fraud, and cyberbullying; she alleges that she has previously tried to report the matter to Dwango and has sought assistance from the police; and she seeks "US\$ 1 billion" in damages. *Id.* at page ID #8-11.

Further facts relevant to specific legal bases for dismissal, but outside of the complaint (e.g., service, personal jurisdiction, and forum non conveniens), are stated in the applicable sections of the Argument, below.

### III.   ARGUMENT

### A.   The Complaint Was Not Validly Served

The complaint should be dismissed for improper service under Federal Rule of Civil Procedure ("Rule") 12(b)(5). When a plaintiff fails to properly serve process on a party to a lawsuit, the Court has no jurisdiction over that party. *See Wasson v. Riverside Cty.*, 237 F.R.D. 423, 424 (C.D. Cal. 2006) (quashing service of process on nonparty); *see also Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946). Once service of process is challenged, the "plaintiff[ ] bear[s] the burden of establishing that service was valid." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Further, "[t]he court may consider evidence outside the pleadings in resolving a Rule 12(b)(5) motion." *Artec Grp., Inc. v. Klimov*, 186 F. Supp. 3d 1002, 1006 (N.D. Cal. 2016) (citation omitted). When service of process is insufficient, the court has discretion to dismiss the action or quash the service that has been made on defendant. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006).

The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965 (Hague Service

-3-

Convention), 20 U. S. T. 361, T. I. A. S. No. 663, controls the validity of service attempted abroad. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694,F 705 (1988). Article 10(a) permits a party, in circumstances in which the destination country does not object, to "send judicial documents, by postal channels, directly to persons abroad." *See also Brockmeyer*, 383 F.3d at 803; *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017). Article 10 of the Convention does not, however, authorize using postal channels *within* a country to serve international process. *See* Hague Service Convention, Art. 10(a) (permitting service by mail to "persons *abroad*") (emphasis added). Here, Plaintiff sent the complaint to Dwango by Japanese registered mail, mailed from another address within Japan to Dwango in Japan. Declaration of Hironari Date ("Decl.") ¶ 2. Since Plaintiff mailed the complaint and summons to Dwango in Japan from within Japan, the method of service does not comply with the Hague Service Convention.

Moreover, even if service were proper under the Hague Service Convention, it fails to comply with federal law. The Ninth Circuit has explicitly held that "for service by international mail to be effective in federal court, it must also be affirmatively authorized by some provision in federal law." *Brockmeyer*, 383 F.3d at 800. Rule 4(h)(2) requires that service upon an international defendant be performed in accordance with Rule 4(f). In *Brockmeyer*, the Ninth Circuit concluded that Rule 4(f) only permits service by mail upon an international defendant if the defendant has (1) waived personal service, (2) a signed receipt is required and the "mail is addressed and mailed by the clerk of the federal district court in which the suit is filed," or (3) the plaintiff has obtained "prior court approval" for the alternative method of serving process. 383 F.3d at 807, 804, 806. Here, Plaintiff did not obtain a waiver from Dwango; the mail was not addressed or mailed by the clerk of this Court; she has not filed a proof of service or evidence of a signed receipt; and Dwango has no information to indicate Plaintiff obtained prior court approval to effect service by these means. Decl. ¶ 2.

-4-

1       Because Plaintiff has failed to meet these requirements, Plaintiff has failed to

2   properly serve Dwango. The Court should dismiss the complaint or, at the very

3   least, the Court should quash service upon Dwango and require Plaintiff to comply

4   with the Hague Service Convention and applicable rules of service.

5   **B.    The Court Lacks Personal Jurisdiction Over Dwango**

6       In addition, the complaint should be dismissed for lack of personal

7   jurisdiction under Rule 12(b)(2). A foreign company is subject to personal

8   jurisdiction in federal court if the defendant has "minimum contacts" with the

9   forum state—here, California. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1110-11

10  (9th Cir. 2002). "Minimum contacts" means that maintenance of the suit "does not

11  offend traditional notions of fair play and substantial justice." *Id.* (quoting *Int'l*

12  *Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). This minimum contacts test

13  can be satisfied by either (1) "general jurisdiction," a high bar of "continuous and

14  systematic contacts" which generally means a company is incorporated in or has its

15  principal place of business in the state; or (2) "specific jurisdiction," which means

16  sufficient contacts only as related to the plaintiff and the specific transactions in

17  dispute as shown through the defendant purposefully directing its conduct to the

18  forum state, or availing itself of the privilege of conducting business in the forum

19  state. *Id.*

20      This Court does not have general jurisdiction over Dwango because it is

21  neither incorporated in California nor has its principal place of business in

22  California. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 760–61 (2014) ("With

23  respect to a corporation, the place of incorporation and principal place of business

24  are paradigm bases for general jurisdiction."). Here, Dwango is incorporated in

25  Japan and has its principal place of business in Tokyo, Japan. Decl. ¶ 3. Dwango

26  has no presence in California or the United States of America. *Id*. Neither it nor its

27  subsidiaries are registered to do business in California or the United States. *Id*.

28

-5-

**MEM. ISO MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT**

1   Dwango does not have such "continuous and systematic" contacts with California
2   as to "render [it] essentially at home." *Daimler*, 134 S. Ct. at 761.

3        The Court also does not have specific jurisdiction over Dwango for purposes
4   of this case. Specific jurisdiction requires that Dwango, the non-resident defendant,
5   "purposefully avail[] [it]self of the privilege of conducting activities in the forum,
6   thereby invoking the benefits and protections of its laws." *Schwarzenegger v. Fred*
7   *Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Further, the plaintiff's claim
8   must "arise[] out of or relate[] to the defendant's forum-related activities." *Id.*
9   Lastly, the plaintiff "cannot be the only link between the defendant and the forum."
10  *Walden v. Fiore*, 134 S. Ct. 1115, 1122–23 (2014).

11       More specifically, operating a website that is available in California (along
12  with many other parts of the world) is not sufficient to grant this Court specific
13  jurisdiction over Dwango. California courts have routinely held that maintaining a
14  website that California residents can access is insufficient to grant general or
15  specific personal jurisdiction. *See, e.g.*, *Mavrix Photo, Inc. v. Brant Techs., Inc.*,
16  647 F.3d 1218, 1231 (9th Cir. 2011) ("Not all material placed on the Internet is,
17  solely by virtue of its universal accessibility, expressly aimed at every state in
18  which it is accessed."); *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d
19  1124, 1129 (9th Cir. 2010) (holding that operating a passive website without any
20  conduct directly targeting the forum is insufficient to confer personal jurisdiction);
21  *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007)
22  ("We consistently have held that a mere web presence is insufficient to establish
23  personal jurisdiction.").

24       The Central District of California has similarly declined to find jurisdiction
25  over a non-resident defendant simply due to California residents being able to
26  access its website. In *Universal Music-MGB NA LLC v. Quantum Music Works,*
27  *Inc.*, No. CV 16-3397 FMO, 2017 WL 2350936 (C.D. Cal. May 30, 2017), the
28  plaintiff alleged that the court had jurisdiction over the non-resident defendant

-6-

because it operated an "interactive website, offering services to and transacting business with California customers." *Id.* at *5. The court determined that operation of a website that California users could access was "insufficient for the court to conclude that it has general personal jurisdiction over the defendant." *Id.* at *4. Further, the court concluded that the plaintiff was the only link between the defendant and the forum, which cannot grant specific jurisdiction over the defendant. *Id.* at *5 (citing *Walden*, 134 S. Ct. at 1122); *see also Mission Trading Co. v. Lewis*, No. 16-cv-01110-JST, 2016 WL 6679556, at *4-5 (N.D. Cal. Nov. 14, 2016) (finding no personal jurisdiction when the defendant's website was not tailored for California residents).

Here, Dwango's website—http://www.nicovideo.jp/—is available worldwide, but it is directed primarily towards Japanese audiences. Decl. ¶ 5. In no way is the website tailored to California residents. The facts at issue as relate to Plaintiff's claim are not alleged to have occurred in California. Here, Plaintiff herself resides in Japan; the Niconico site is offered to Japanese users, and "high_note" posts to the Niconico site from within Japan. *Id.* ¶¶ 7-8. As such, Dwango has not "purposefully availed itself" of the California forum. This Court has no personal jurisdiction over Dwango.

## C. The Case Should Be Dismissed Under the Doctrine of Forum Non Conveniens

In addition, the case should be dismissed under the doctrine of forum non conveniens because all parties reside in Japan, and the Niconico site is hosted in, and directed primarily to, Japanese audiences.

It is well established that federal courts have the power to dismiss an action based on lack of convenience of the forum to the defendant, when the defendant is amenable to process in another, more convenient forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947). Because the central purpose of the forum non conveniens inquiry is convenience,

"dismissal will ordinarily be appropriate where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice." *Piper Aircraft*, 454 U.S. at 249. Historically, the doctrine's purpose is to root out cases in which the "open door" of broad jurisdiction and venue laws "may admit those who seek not simply justice but perhaps justice blended with some harassment," which appears particularly acute when a plaintiff resorts "to a strategy of forcing the trial at a most inconvenient place for an adversary." *Gulf Oil Corp.*, 330 U.S. at 507; *see also Piper Aircraft*, 454 U.S. at 249 n.15 ("[D]ismissal may be warranted where a plaintiff chooses a particular forum, not because it is convenient, but solely in order to harass the defendant or take advantage of favorable law."). Plaintiff's decision to file suit in this forum, when she appears to reside in Japan and levels claims against a Japanese company based on a Japanese website, appears designed solely to harass Dwango and ratchet up expenses.

To establish a right to dismissal under the forum non conveniens doctrine, Dwango must establish (1) that there is an adequate alternative forum for the plaintiff, and that (2) the balance of private factors and public interest factors favors dismissal in favor of the foreign forum. *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011). Dwango can more than meet its burden here.

*First,* an adequate alternative forum exists. An alternative forum is available when the defendant is amenable to service of process in another jurisdiction and that jurisdiction offers a "satisfactory" remedy. *Piper Aircraft*, 454 U.S. at 254 n.22; *Carijano*, 643 F.3d at 1225. Here, Plaintiff can bring suit in Japan as an alternative forum; as a Japanese corporation headquartered in Tokyo, Dwango is amenable to suit there. Indeed, although it is unknown if Plaintiff has created an account as a user of the Niconico site, Dwango's Terms of Service specifically include both a choice of law provision and a forum selection clause: "These Terms of Use shall be governed by and construed in accordance *with the laws of Japan.*

-8-

Any and all disputes or issues arising from or in relation to these Terms of Use and the use of 'niconico' by the Users shall be subject to the exclusively agreed jurisdiction in the first instance of the Tokyo District Court." Decl. ¶ 6 & Ex. C at 1 (emphasis added). Despite differences in substantive law and judicial process, the Ninth Circuit has "consistently found that Japan provides an adequate alternative forum to litigation in the United States." *Lockman Found. v. Evangelical All. Mission*, 930 F.2d 764, 769 & n. 3 (9th Cir. 1991) (collecting cases, and upholding district court decision to dismiss case on forum non conveniens grounds despite procedural and substantive law differences).

*Second*, the Court must weigh the private interests of the litigants and the public interests of the relevant forums. *Piper Aircraft*, 454 U.S. at 257. The private interest factors relate primarily to the convenience of the litigants:

> (1) the residence of the parties and the witnesses;
>
> (2) the forum's convenience to the litigants;
>
> (3) access to physical evidence and other sources of proof;
>
> (4) whether unwilling witnesses can be compelled to testify;
>
> (5) the cost of bringing witnesses to trial;
>
> (6) the enforceability of the judgment; and
>
> (7) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Carijano*, 643 F.3d at 1229 (citation omitted). In this case, each of these factors weighs heavily in favor of a forum non conveniens dismissal. Plaintiff appears to be a resident of Japan, and she mailed the complaint to Defendant from Tokyo. Decl. ¶ 2 & Ex. B (showing location of mailing); *id.* ¶ 7 & Ex. D (residence registration for Plaintiff showing residence in Japan). Dwango is a Japanese media corporation with its headquarters in Tokyo. *Id.* ¶¶ 3-5. Indeed, Defendant does not have any

-9-

corporate presence in the state of California—nor even in the United States. *Id.* ¶ 3. The user "high_note," an indispensable party to this action, *see supra* at Section E, is also located in Japan. *Id.* ¶ 8. Given that none of the parties reside in the U.S., much less the Central District of California, there exists no convenience to anyone to litigate in this forum.

Moreover, the claims asserted in this lawsuit appear to arise out of content hosted on the Niconico website, which is hosted out of Japan and directed primarily towards a Japanese audience. Decl. at ¶ 5. The claims of inappropriate content on this Japanese video-sharing site (with a social media component) do not uniquely arise out of any event or action that occurred in California and do not specifically impact California residents. As far as Dwango can ascertain at this point, given the vague and ambiguous pleading, all witnesses, documents, and other relevant and admissible evidence would be located in Japan. *Id.* ¶ 4; *see, e.g.*, *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1146-47 (9th Cir. 2001) (affirming forum non conveniens dismissal of action when, among other things, most of the material evidence was located in New Zealand). Furthermore, any depositions, documents, and other primary documents would be in Japanese, Decl. ¶ 4, and require costly and time-consuming translations before they were admissible and usable in litigation here.

*Finally*, the Court must also consider the following public interest factors:

(1) the local interest in the lawsuit;

(2) the court's familiarity with the governing law;

(3) the burden on local courts and juries;

(4) congestion in the court; and

(5) the costs of resolving a dispute unrelated to a particular forum.

*Carijano*, 643 F.3d at 1232 (citation omitted). These public interest factors also point toward dismissal on the basis of forum non conveniens. There appears to be little, if any, interest to the Central District of California to the allegations levelled

-10-

**MEM. ISO MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT**

here against the site Niconico, especially given that all of the parties and specifically named individuals also appear to reside in Japan. To the extent Plaintiff is challenging the manner in which the Niconico website operates, the Terms of Use require this Court to apply the law of another country, Japan, to interpret and apply those terms—and precedent from Japan would be laborious to translate and interpret. Yet litigation, especially one brought by a *pro se* plaintiff, will impose a burden on this Court and require its limited resources, time, and funds to manage. Thus, litigation of Plaintiff's suit in this Court will impose a burden on the Court's docket and unnecessarily impede the ability of local litigants to try their cases. *See Gulf Oil*, 330 U.S. at 508-09. Should this case remain in the United States for trial, it will impose additional burdens on the community, requiring local jurors to hear and decide a dispute that has little connection to their community. This factor also weighs heavily in favor of dismissal.

In sum, all of the private and public factors support dismissing this case in its entirety on forum non conveniens grounds.

## D. The Complaint Fails to State a Claim and/or Requires a More Definite Statement

In addition, the complaint should be dismissed for failure to state a claim under Rule 12(b)(6) because Plaintiff purports to bring a copyright infringement claim, but she does not allege that she holds a registration to the work at issue under U.S. copyright law, a necessary precondition to filing a copyright infringement claim in a U.S. court. And to the extent she purports to bring any non-copyright claims, they are barred by the Section 230 of the Communications Decency Act(and if not so barred, Plaintiff should be required to make a more definite statement of her claims under Rule 12(e) before Dwango is required to respond to them, as it is entirely unclear what specific claims she asserts).

1

### 1.   Plaintiff's Claim for Copyright Infringement Fails For Several Reasons

As articulated in Dwango's notice of removal (ECF No. 1 at page ID #3), Plaintiff's primary concern seems to be that a third party or parties uploaded a video containing audio of her voice to Niconico, and several times she expressly uses the word "copyright" in the complaint. Thus, Plaintiff appears to assert a claim of copyright infringement based on the unauthorized uploading of videos containing audio of her voice.

To state a claim for copyright infringement, Plaintiff must, among other things, identify a specific work; allege that she owns the copyright in that work; and identify specific acts of alleged infringement. *See, e.g.*, *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (the "plaintiff must show that he owns the copyright"); *Joint Stock Co. Channel One Russ. Worldwide v. Infomir LLC*, No. 16-CV-1318(GBD)(BCM), 2017 WL 696126, at *13 (S.D.N.Y. Feb. 15, 2017) ("A copyright plaintiff—including a holder of foreign copyrights—is ordinarily required to identify each specific work that is the subject of its claim."); *Energy Intelligence Grp., Inc. v. Jefferies, LLC*, 101 F. Supp. 3d 332, 338 (S.D.N.Y. 2015) (complaint must allege "by what acts and during what time the defendant infringed the copyright") (internal quotation marks and citation omitted). She must also allege that the work at issue was infringed within the United States because the Copyright Act does not extend extraterritorially. *See, e.g.*, *Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.*, 24 F.3d 1088, 1098 (9th Cir. 1994) (en banc) ("[W]e reaffirm that the United States copyright laws do not reach acts of infringement that take place entirely abroad.").

In addition, Plaintiff must show that she has complied with the Copyright Act's registration requirements. Specifically, if Plaintiff is alleging infringement of a United States work, then she must register that work with the Copyright Office before suing for infringement. *See* 17 U.S.C. § 411(a) ("[N]o civil action for

-12-

infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."). "In other words, § 411(a)'s registration requirement is a precondition to filing a copyright infringement claim for United States works." *Elohim EPF USA, Inc. v. Total Music Connection, Inc.*, No. CV 14-02496-BRO (Ex), 2015 WL 12655484, at *4 (C.D. Cal. Nov. 19, 2015).

If, as seems more likely here, Plaintiff is alleging infringement of a foreign work, then she must affirmatively allege that her work is a foreign work to avoid the registration requirement. *See id.* If she makes that showing, then she need not register the work before *suing. See, e.g., Crunchyroll, Inc. v. Pledge*, No. C 11-2334 SBA, 2014 WL 1347492, at *16 (N.D. Cal. Mar. 31, 2014) (foreign works from countries that are Berne Convention signatories "are excused from section 411(a)'s requirement that a copyright be registered prior to filing an infringement claim"). But she must register before *seeking statutory damages. See* 17 U.S.C. § 412.

Plaintiff's complaint fails to meet these three elements. *First*, Plaintiff has not identified a specific work that was allegedly infringed. Instead, she refers generally and abstractly to unidentified videos that purportedly contain her voice. That alone is reason enough to dismiss her claim. *See, e.g., Infomir*, 2017 WL 696126, at *14 (copyright claim failed because complaint failed to identify infringed works with specificity); *see also TVB Holdings USA Inc. v. Enom Inc.*, No. SACV-13624-JLS(DFMX), 2014 WL 12581778, at *3 (C.D. Cal. Jan. 6, 2014) (declining to enter default judgment for the same reason).

*Second*, Plaintiff has not alleged that she owns the copyright to any specific work or works. That omission is also fatal to her claim. *See, e.g., Dolores Press, Inc. v. Robinson*, No. CV 15-02562-R, 2015 WL 3882812, at *2 (C.D. Cal. June 23, 2015) (dismissing copyright claims because plaintiff did not "sufficiently ple[a]d ownership of the copyrights" or sufficiently allege "ownership of any of the actual copyrighted Works").

-13-

1     *Third*, Plaintiff has not even tried to explain how Dwango directly or

2    contributorily infringed her rights in any given work. Her claim should be

3    dismissed for that reason as well because, without such an explanation, Dwango

4    lacks fair notice of the claims against it. *See Felix the Cat Prods., Inc. v. Cal. Clock*

5    *Co.*, No. 04 CIV 5714 DAB, 2007 WL 1032267, at \*4 (S.D.N.Y. Mar. 30, 2007)

6    ("The mere assertion of trademark infringement, without any factual allegations of

7    the nature of the infringement, simply does not give Defendants fair notice of the

8    claims against them.").

9     *Fourth*, Plaintiff does not allege that the alleged infringement occurred in the

10   United States, as required to state a claim under the Copyright Act. *See, e.g.*,

11   *Subafilms*, 24 F.3d at 1098.

12    *Fifth*, and finally, Plaintiff does not allege any facts about registration. Thus,

13   if the work at issue (which she has failed to identify) is a United States work, then

14   her suit should be dismissed in its entirety. *See* 17 U.S.C. § 411(a). If the work at

15   issue is a foreign work, then any claim for statutory damages (which Plaintiff

16   evidently seeks) should be rejected. *See* 17 U.S.C. § 412; *see also, e.g.*, *TVB*

17   *Holdings*, 2014 WL 12581778, at \*4 ("[F]oreign works must still be registered

18   under Section 412 in order to obtain statutory damages.").

19    In short, Plaintiff's claim for copyright infringement fails for multiple

20   reasons, none of which could be cured by amendment. It should therefore be

21   dismissed with prejudice under Rule 12(b)(6).

22       **2.**    **Dwango Is Immune Under the Federal Communications Decency**

23             **Act to All Conceivable Non-Copyright Claims Plaintiff Might Assert**

24    Even if the complaint were liberally construed as asserting claims other than

25   copyright infringement, Dwango is immune to any such claims under the federal

26   Communications Decency Act ("CDA"). Those claims must therefore be dismissed

27   under Rule 12(b)(6).

28

-14-

1    Section 230 of the CDA states that "[n]o provider or user of an interactive
2    computer service shall be treated as the publisher or speaker of any information
3    provided by another information content provider," and that "*[n]o cause of action*
4    may be brought and *no liability may be imposed* under any State or local law that is
5    inconsistent with" that clear command. 47 U.S.C. § 230(c)(1), (e)(3) (emphasis
6    added). "At its core," the CDA "bars 'lawsuits seeking to hold a service provider
7    liable for its exercise of a publisher's traditional editorial functions—such as
8    deciding whether to publish, withdraw, postpone or alter content.'" *Jones v. Dirty*
9    *World Entm't Recordings LLC*, 755 F.3d 398, 407 (6th Cir. 2014) (citation
10   omitted); *see also, e.g.*, *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 330 (4th Cir.
11   1997) ("By its plain language, § 230 creates a federal immunity to any cause of
12   action that would make service providers liable for information originating with a
13   third-party user of the service."). By immunizing service providers against claims
14   based on user-generated content, Congress sought "to promote the continued
15   development of the Internet" and "to preserve the vibrant and competitive free
16   market that presently exists for the Internet and other interactive computer
17   services." 47 U.S.C. § 230(b)(1), (2).

18        In light of that clear congressional intent, courts construe CDA immunity
19   expansively "to protect websites not merely from ultimate liability, but from having
20   to fight costly and protracted legal battles." *Fair Hous. Council of San Fernando*
21   *Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1175 (9th Cir. 2008). Indeed, the
22   Ninth Circuit recently emphasized the importance of construing the CDA broadly
23   and rejecting artful attempts to plead around it. *See Kimzey v. Yelp! Inc.*, 836 F.3d
24   1263, 1266 (9th Cir. 2016) (declining to "open the door to . . . artful skirting of the
25   CDA's safe harbor" and affirming dismissal of claims against service provider).

26        As a result of these clear principles, Dwango is entitled to CDA immunity if
27   (1) Dwango provides an "interactive computer service," (2) Plaintiff's claims treat
28   Dwango as the "publisher or speaker" of the allegedly unlawful videos, and (3) the

-15-

allegedly unlawful videos were "provided by another information content provider" (not Dwango). 47 U.S.C. § 230(c)(1). All of those requirements are met here.

### a.      Dwango Is an Interactive Computer Service

First, Dwango qualifies as an "interactive computer service" under the CDA. The statute defines "interactive computer service" to mean "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions." 47 U.S.C.A. § 230(f)(2). Courts routinely hold that online service providers like Dwango fall within that definition. *See, e.g.*, *Roommates.com*, 521 F.3d at 1162 n.6 ("[T]he most common interactive computer services are websites."); *Lancaster v. Alphabet Inc.*, No. 15-CV-05299-HSG, 2016 WL 3648608, at *3 (N.D. Cal. July 8, 2016) (holding that online video-sharing platform YouTube is an interactive computer service). Thus, the first requirement for CDA immunity is met.

### b.      The Complaint Seeks to Treat Dwango as a Publisher

Second, Plaintiff plainly seeks to treat Dwango as the "publisher" of the allegedly unlawful videos. In evaluating whether a claim impermissibly treats a defendant as a publisher of user-generated content, "what matters is not the name of the cause of action." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1101-02 (9th Cir. 2009). "[W]hat matters is whether the cause of action inherently requires the court to treat the defendant as the 'publisher or speaker' of content provided by another." *Id*. In other words, "courts must ask whether the duty that the plaintiff alleges the defendant violated derives from the defendant's status or conduct as a 'publisher or speaker.' If it does, section 230(c)(1) precludes liability." *Id.*

Here, Plaintiff faults Dwango for allowing the allegedly unlawful videos to be published or (what amounts to the same thing) failing to remove the allegedly unlawful videos. *See, e.g.*, ECF No. 1-2 at page ID #8:16-18 ("I think that it is

-16-

1   necessary to review the content a little more carefully before publishing it
2   publicly."). Indeed, that is the *only* basis for liability alleged in the complaint. As
3   the Ninth Circuit has made clear, however, "removing content is something
4   publishers do, and to impose liability on the basis of such conduct necessarily
5   involves treating the liable party as a publisher of the content it failed to remove."
6   *Barnes*, 570 F.3d at 1103; *see also Green v. Am. Online (AOL)*, 318 F.3d 465, 471
7   (3d Cir. 2003) (explaining that "the monitoring, screening, and deletion of content"
8   are actions "quintessentially related to a publisher's role"). Thus, by seeking to hold
9   Dwango liable for nothing more than making the videos available, Plaintiff
10  necessarily treats Dwango as the publisher of those videos—precisely what the
11  CDA prohibits. *See Roommates.com*, 521 F.3d at 1170-71 ("[A]ny activity that can
12  be boiled down to deciding whether to exclude material that third parties seek to
13  post online is perforce immune under [§ 230(c)(1)]."). The second requirement of
14  CDA immunity is therefore met.

15              **c.     A Third Party Created the Content at Issue**

16          Third, there is no dispute that another party or parties (not Dwango) created
17  the allegedly unlawful videos. *See, e.g.*, ECF No. 1-2 at page ID #8:18. At the very
18  least, the complaint contains no facts indicating or even suggesting that Dwango
19  created the videos. And plaintiffs cannot evade CDA immunity merely by asserting
20  that a service provider is responsible for user-generated content. *See Kimzey*, 836
21  F.3d at 1269 ("[T]he immunity in the CDA is broad enough to require plaintiffs
22  alleging such a theory to state the facts plausibly suggesting the defendant
23  fabricated content under a third party's identity."). The third and final requirement
24  for CDA immunity is therefore met.

25          In sum, Dwango qualifies as an interactive computer service under the CDA;
26  Plaintiff's claims seek to hold Dwango liable in its publisher capacity, and the
27  allegedly unlawful videos at issue were created and posted by a third party or
28  parties, not by Dwango. Dwango is therefore entitled to CDA immunity, and all of

                                        -17-

1  Plaintiff's claims (with the exception of her claim for copyright infringement) must

2  be dismissed on that ground. *See, e.g.*, *Lancaster*, 2016 WL 3648608, at *3-6 (CDA

3  barred claims including fraud, harassment, infliction of emotional distress, and

4  negligence); *Manchanda v. Google*, No. 16-CV-3350 (JPO), 2016 WL 6806250, at

5  *3 (S.D.N.Y. Nov. 16, 2016) (CDA barred claims for defamation, tortious

6  interference with contract, breach of fiduciary duty, breach of the duty of loyalty,

7  unlawful trespass, unjust enrichment, intentional infliction of emotional distress,

8  and negligent infliction of emotional distress).

9      **3.    If Her Non-Copyright Claims Are Not Barred by the CDA,
          Plaintiff Should Be Required to Replead Her Allegations Before
10         Dwango Is Required to Respond**

11         If the Court believes that Plaintiff may be seeking to assert other causes of

12  action in addition to copyright infringement, and if such claims are not dismissed

13  under the CDA as argued above, the Court should order Plaintiff to make a more

14  definite statement under Rule 12(e) and separately set out the allegations and causes

15  of actions as required by Rule 10(b). Such amendment must occur before Dwango

16  can be expected to respond.

17         Rule 8(a) requires a "short and plain statement of the claim showing that the

18  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While notice pleading suffices

19  under Rule 8(a)—and *pro se* plaintiffs are accorded additional consideration by

20  courts—a complaint must still meet some threshold "to give fair notice of the claim

21  being asserted so as to permit the adverse party the opportunity to file a responsive

22  answer and prepare an adequate defense." *Herbert v. Syracuse, N.Y. Welfare Office*,

23  5:06-CV-848 (FJS/GHL), 2006 WL 2794400, at *1 (N.D. N.Y. Sept. 25, 2006)

24  (citation omitted). In conjunction with Rule 8, the pleading requirements under

25  Rule 10(b) impose some minimal requirements to allow for a cogent and

26  comprehensible pleading; a party must "state its claims . . . in numbered

27  paragraphs, each limited as far as practicable to a single set of circumstances," and,

28  if required to "promote clarity," "each claim founded on a separate transaction or

-18-

occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b); *see also Davis v. City of Memphis Fire Dep't*, 11-3076-STA-cgc, 2012 WL 2000713, at *4 (W.D. Tenn. May 31, 2012) (requiring plaintiff to amend to provide more definite statements and number allegations and causes of action clearly). As one court has explained, "[a] complaint that fails to comply with these Rules presents too heavy a burden for the defendants in shaping a comprehensive defense" and "provides no meaningful basis for the court to assess the sufficiency of the plaintiff's claims." *Herbert*, 2006 WL 2794400, at *1 (dismissing the *pro se* complaint).

When faced with an ambiguous and vague complaint that violates the basic requirements, a party may move for a more definite statement where the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Relief is appropriate "where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." *Sagan v. Apple Comput., Inc*., 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). Such relief is appropriate here.

The hand-written complaint is difficult to follow, and some sentences are jumbled on top of each other to make it nearly impossible to follow even the physical text. Requiring Plaintiff to re-plead, in sequential, numbered paragraphs, will assist in following the allegations. While some sentences are preceded by numbers, it is unclear whether these set forth facts and what constitutes separate allegations of claims. For example, a portion of one such numbered list on page 3 reads:

> (1) Credit card fraud (Report of Identity theft at LAPD)
>
> (2) I divorced in 17. Jun. 2016. I and my husband got
>
> confused by this contents. (Youtube.NicoNicoDouga)
>
> Because it was a karaoke video with my ex boyfriends. I
>
> thought my husband did . . . but he also got identity theft
>
> damage. Like skimming damage.

-19-

1      (3) Mental damage. I became an adaption disorder by

2      Stress. YouTube contents Started 10. Mar. 2014.

3  ECF No. 1-2, at page ID #10:9-15. Dwango cannot reasonably respond to

4  allegations such as these; are they facts to be investigated, or legal claims for which

5  a defense is required? Plaintiff fails to identify Dwango's role in any of the alleged

6  actions above.

7      As but another example, Plaintiff levels unfounded and preposterous

8  allegations of "trafficking in person and act of killing people," *id.* at page ID #9:1-

9  2, along with "cyberbullying and harassment," *id.* at page ID #11:4, and

10  "defamation," at page ID #11:7. Does Plaintiff mean to allege that *Dwango*

11  trafficked in persons and killed people? Or does she meant to allege that the videos

12  on Niconico led other third parties to commit these crimes? Or that "high_note"

13  himself did? Or perhaps not that these crimes did in fact occur, but that these are

14  possible outcomes that might occur in future as a result of the videos at issue? But

15  Plaintiff nowhere alleges the facts underlying these allegations, or identifies in any

16  manner how Dwango is alleged to have participated in such conduct, or who the

17  alleged victims are. Thus, Dwango is unable to frame a responsive pleading.

18      In short, more is required, even under the liberal pleading standards. A

19  complaint that "is so confused, ambiguous, vague, or otherwise unintelligible that

20  its true substance, if any, is well disguised" requires revision. *Mee v. Alberico*,

21  1:08-CV-24, 2008 WL 2483370, at *2 (D. Vt. June 17, 2008) (ordering a more

22  definite statement). Plaintiff should also be ordered to separately allege different

23  causes of actions, in differentiated paragraphs. "Where, as here, the plaintiff asserts

24  multiple claims for relief, a more definite statement, if properly drawn, will present

25  each claim for relief in a separate count, as required by Rule 10(b), and with such

26  clarity and precision that the defendant will be able to discern what the plaintiff is

27  claiming and to frame a responsive pleading." *Anderson v. Dist. Bd. of Trs. of Cent.*

28  *Fla. Cmty. Coll.*, 77 F.3d 364, 366–67 (11th Cir. 1996). Moreover, once Plaintiff's

"shotgun pleading" is replaced with a coherent complaint that complies with the requirements of the federal rules, "the trial judge will be relieved of the cumbersome task of sifting through myriad claims, many of which may be foreclosed by various defenses." *Id.* (internal quotation marks and citation omitted).

## E.     The Case Should Be Dismissed for Failure to Join an Indispensable Party

If the case were otherwise to proceed, in whole or in part, it then would be subject to dismissal under Rule 12(b)(7) because Plaintiff has failed to join "high_note," an indispensable party under Rule19.

For a court to dismiss a case for failure to join an indispensable party, the movant must show three things. *E.E.O.C. v. Peabody W. Coal Co.*, 610 F.3d 1070, 1078 (9th Cir. 2010). First, the non-party should be joined under Rule 19(a). *Id.* Second, that it is not feasible for the court to order that the absentee be joined. *Id.* Third, that the case cannot proceed without the absentee. *Id.* An action must be dismissed for failure to join an indispensable non-party where there that non-party has an "interest of such a nature that a final decree cannot be made without . . . affecting that interest." *Shields v. Barrow*, 58 U.S. 130, 139 (1854).

Here, the complaint rests on actions taken by the third party user of the Niconico site, "high_note." Plaintiff asserts that "high_note" stalked, harassed, and impersonated her and her ex-boyfriend. ECF No. 1-2 at page ID #9-10. These are serious claims to make against "high_note," and therefore, "high_note" is a party that should be joined under Rule 19(a) because a determination of wrongdoing by this Court will "impair or impede the person's ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B)(i). Where there is an underlying factual dispute concerning a liability due to a non-party's actions, the non-party has a legally protected interest in the suit. *See, e.g.*, *Kaneko Shoji, Ltd. v. Katsura Enter., Inc.*, 91 F.3d 152 (9th Cir. 1996) (unpublished). In this case, any determination of wrongdoing without

1  "high_note" being able to present his or her defense would substantially prejudice

2  his or her rights.

3      "High_note" should be joined under Rule 19(a), but it is not feasible to join

4  him or her because that user is not subject to this Court's jurisdiction. The plaintiff

5  does not allege that "high_note" resides in California or has any contact at all with

6  California. Dwango's information about its user "high_note" indicates that the user

7  posts frequently from within Japan. Decl. ¶ 8.

8      Finally, "high_note" is an indispensable party because "high_note" would be

9  prejudiced by the factual determinations of this case, affecting his or her legal

10  interests. The prejudice test to determine if a party is indispensable under Rule

11  19(b) is "essentially the same as the inquiry under Rule 19(a)." *Confederated*

12  *Tribes of Chehalis Indian Reservation v. Lujan*, 928 F.2d 1496, 1499 (9th Cir.

13  1991). Therefore, "high_note" is an indispensable party because Plaintiff's claims

14  necessarily require this Court to make a determination of his or her wrongdoing,

15  whether that wrongdoing be copyright infringement or something along the lines of

16  stalking, harassing, or impersonation.

17  **F.   Plaintiff Lacks Standing to Sue for Harms to Others**

18      Finally, and again if the case were otherwise able to proceed, in whole or in

19  part, the complaint would need to be dismissed under Rule 12(b)(1) to the extent

20  Plaintiff purports to sue on the basis of harm to other third parties not before the

21  Court, such as her ex-boyfriend, her ex-husband, and unidentified other classes of

22  peoples.

23      A lack of Article III standing requires dismissal under Rule 12(b)(1). *Maya v.*

24  *Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). The constitutional limitations

25  on standing require a litigant to allege "(1) a threatened or actual distinct and

26  palpable injury to [her]self; (2) a fairly traceable causal connection between the

27  alleged injury and the challenged conduct; and (3) a substantial likelihood that the

28  requested relief will redress or prevent the injury." *Fleck & Assocs., Inc. v. Phoenix,*

-22-

1     *City of, an Arizona Mun. Corp.*, 471 F.3d 1100, 1104 (9th Cir. 2006) (citation and

2     ellipses omitted). The first element requires allegations of an invasion of rights that

3     "affects the plaintiff in a personal and individual way." *Id.* (citation omitted). In

4     other words, Plaintiff has no standing to vindicate the rights of others: "a person

5     cannot predicate standing on injury which [s]he does not share." *Allee v. Medrano*,

6     416 U.S. 802, 828–29 (1974); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 804

7     (1985) ("One of the[] prudential limits on standing is that a litigant must normally

8     assert his own legal interests rather than those of third parties.").

9       Here, the complaint alleges harms to people other than Plaintiff, including

10    unnamed persons: unidentified "victims who are being cyberbullying [sic] by

11    cybercrime at niconico," ECF No. 1-2, at page ID #8:16; unidentified persons being

12    "traffick[ed]" and "kill[ed]," *id.* at page ID #9:1-2; "[p]eople with a wide range of

13    age [that] can easily view and announce [sic] the content," *id.* at page ID #9:15-16;

14    Plaintiff's "ex boyfriends," "family," and "friends" that are experiencing

15    "cyberbullying and harassment," *id.* at page ID #11:4-6; and "Official Artists" that

16    are alleged to have suffered "disturbance for business to record Company [sic]," *id.*

17    at page ID #11:8-9. Plaintiff also alleges harms to named third parties: Takahiro

18    Suzuki, Plaintiff's "ex-boyfriend," *id.* at page ID #9:9-15, 8:22-23, whose injuries

19    are alleged to include cyberbullying, "net stalking," illegal sales, and apparent

20    emotional harms ("he was about to commit suicide"), *id*. at page ID #9:19-27; an

21    uncle, Yutaka Kijimoto, who is allegedly being impersonated by someone ("the

22    operator"), *id*. at page ID #10:1-3; and Plaintiff's ex-husband, who was "confused"

23    by contents hosted online, *id*. at page ID #10:10-13.

24       The complaint makes no attempt to articulate how the alleged harms to these

25    other individuals present an actual injury in fact to Plaintiff—nor how such alleged

26    harms flow from Dwango's actions such that a court could fashion meaningful

27    relief. Plaintiff therefore lacks standing to pursue relief for injuries to others, and

28    the case should be dismissed to the extent that is Plaintiff's aim. *Accord Gustafson*

-23-

*v. BAC Home Loans Servicing, LP,* SACV 11-915-JST ANx, 2012 WL 7071471, at *5 (C.D. Cal. Dec. 21, 2012) (dismissing claims for failure to allege harms directly impacting plaintiff).

### IV.   CONCLUSION

For the foregoing reasons, this case should be dismissed. Because it is wholly improbable to think that the failures could be cured by amendment, the case should be dismissed with prejudice.

DATED: September 7, 2017          **PERKINS COIE LLP**

By: /s/ *Alisha C. Burgin*
          Alisha C. Burgin, Bar. No. 286269
          ABurgin@perkinscoie.com
          Rebecca S. Engrav, admitted *pro hac vice*
          REngrav@perkinscoie.com

          Attorneys for Defendant
          DWANGO CO., LTD.

-24-